5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jason ROONEY, Defendant-Appellant.
 No. 92-10677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 19, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CR-92-00214-RHS, Robert H. Schnacke, Senior District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rooney appeals his conviction for possession with intent to distribute and conspiracy to distribute methamphetamine. 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 A. Rooney claims the district court failed to make findings of fact on the record in denying his motion to suppress. Such findings are necessary, however, only "[w]here factual issues are involved in determining a motion." Fed.R.Crim.P. 12(e). Because Rooney failed to raise a dispute as to any of the facts involved in the district court's determination, findings would have been superfluous.
 
 
 4
 B. Rooney also claims his Fifth and Sixth Amendment rights were violated by the district court's failure to grant use immunity to Tracey Mynhier in the face of prosecutorial misconduct. As he readily admits, however, it is an open question whether the district court even had the power to grant Mynhier use immunity. Rooney Brief at 26. And we needn't answer it: The district court conducted an inquiry into whether the prosecutor's denial of use immunity was infected by misconduct, ER 110-116, and found that it was not, id. 115. This finding is not clearly erroneous. See United States v. Patterson, 819 F.2d 1495, 1508 (9th Cir.1987). That the government made efforts to inform Mynhier she might be subject to perjury charges was potentially improper. However, the government funneled all communication with Mynhier through her former attorney, who made a point of telling the district court he didn't think this involved any unethical conduct on the part of the government. ER 109. We agree.
 
 
 5
 Nor are we faced with the type of problem found in United States v. Westerdahl, 945 F.2d 1083 (9th Cir.1991), where the government relied heavily on circumstantial evidence provided by the testimony of immunized and cooperating witnesses, yet refused to immunize a defense witness whose testimony would have contradicted such evidence. Id. at 1087. Here, the government's evidence arsenal included Rooney's detailed confession and the fact that he was caught disposing of drugs.
 
 
 6
 We find nothing that calls into question the process Rooney received or the fairness of his trial.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3